**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Case No. 10-cv-00110-REB-CBS

RICHARD (CHANCE) LEOFF,

      Plaintiff,

v.

XYZ SUBDIVISION LAND COMPANY, LLC, a Colorado Limited Liability Company,
STEPHEN FINGER, individually, and
HSH NORDBANK AG, a German Banking Corporation, as Agent for Lenders,

      Defendants.

---

## ORDER GRANTING DEFENDANTS' MOTION TO REMAND

---

**Blackburn, J.**

      The matter before me is **Defendants XYZ Land Company, LLC and Stephen Finger's Motion and Combined Memo Requesting Remand To State Court** [#12][1] filed January 28, 2010.  The plaintiff filed a response [#19].  On the terms stated in this order, I grant the motion to remand.

      The plaintiff, Richard Leoff, filed this case in state court on December 24, 2009.  *Notice of State Court Pleadings and Papers* [#1-2], pp. 2-17 (complaint).  The defendants, XYZ Subdivision Land Company, LLC and Stephen Finger, joined by S & J Land Company, LLC, acting as counterclaim-plaintiffs, filed counterclaims against Leoff on January 11, 2010.  *Notice of State Court Pleadings and Papers* [#1-2], pp. 94 -102 (counterclaims).  On January 12, 2010, Leoff filed a notice of dismissal under C.R.C.P.

---

[1] "[#12]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

41(a)(1)(A), which notice is self-effectuating.[2]  Leoff's claims were dismissed on January 12, 2010.  After the dismissal of Leoff's claims, only the claims asserted by the counterclaim-plaintiffs against Leoff remained pending.  Leoff filed his Notice of Removal [#1] with this court on January 29, 2010.  Leoff seeks to remove to this court the counterclaims asserted against him by the counterclaim-plaintiffs.

Removal on the basis asserted by Leoff is improper.  The removal statute provides that a "defendant or defendants" may remove an action.  28 U.S.C. § 1441(a).  It is well-settled that in limiting the class of persons entitled to remove, Congress intended to preclude removal by plaintiffs on the basis of a counterclaim that might, in some circumstances, be subject to the jurisdiction of a federal court.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 106-09 (1941); *Green Tree Financial Corp. v. Arndt*, 72 F.Supp.2d 1278, 1281 (D. Kan. 1999).  Leoff's transparent attempt unilaterally to realign himself as a defendant in the caption of his notice of removal is ineffectual.  *Green Tree Financial Corp.*, 72 F.Supp. 2d at 1282.

In his response [#19], the plaintiff consents to the remand of this case to state court.  The defendants' motion to remand no longer is contested.  However, in the motion to remand, the defendants seek also an award of costs and actual expenses, including reasonable attorney fees, incurred as the result of the plaintiff's notice of removal.  Before the defendants' request for an award of attorney fees and costs can be resolved, the defendants must be given an opportunity to submit documentation circumstantiating the amount of attorney fees and costs they are requesting, and the

---

[2]  Unlike the other state court filings attached to the Notice of Removal, the copy of Leoff's Rule 41(a)(1)(A) notice does not contain the state court's file stamp, including a date.  However, Leoff states in his notice of removal that his Rule 41(a)(1)(A) notice was filed on January 12, 2010.  *Notice of Removal* [#1] filed January 19, 2010, ¶ 2.

plaintiff must be given an opportunity to respond to that request.

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In an effort to avoid further delay in the progress of the defendants' counterclaims, I remand this case to the state court but reserve jurisdiction over the defendants' request for an award of attorney fees and costs, as stated in the defendants' motion to remand [#12]. I read the language of § 1447(c), quoted above, to permit such a bifurcation of the issues presented in the motion to remand.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Defendants XYZ Land Company, LLC and Stephen Finger's Motion and Combined Memo Requesting Remand To State Court** [#12] filed January 28, 2010, is **GRANTED** concerning the defendants' request that this case be remanded to state court;

2. That this court **RESERVES JURISDICTION** over the defendants' request for an award of attorney fees and costs, as requested in the defendants' motion to remand [#12], filed January 28, 2010;

3. That if the defendants wish to pursue their request for an award of attorney fees and costs, then the defendants **SHALL FILE** a brief, limited to 10 pages, and all documentation in support of their request on or before March 9, 2010;

4. That the plaintiff **MAY FILE** a response on or before February 19, 2010;

5. That the duplicate of the **Defendants XYZ Land Company, LLC and Stephen Finger's Motion and Combined Memo Requesting Remand To State Court** [#12] filed January 28, 2010, which is docketed as [#13], is **DENIED** as moot;

6.  That otherwise, this case is **REMANDED** to the District Court, San Miguel County, Colorado, where it was filed initially as Case Number 2009-cv-185.

Dated February 25, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge