**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 10-cv-00110-REB-CBS

RICHARD (CHANCE) LEOFF,

    Plaintiff,

v.

XYZ SUBDIVISION LAND COMPANY, LLC, a Colorado Limited Liability Company,
STEPHEN FINGER, individually, and
HSH NORDBANK AG, a German Banking Corporation, as Agent for Lenders,

    Defendants.

## ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY FEES

**Blackburn, J.**

The matter before me is the **Defendants XYZ Land Company, LLC and Stephen Finger's Brief in Support of Award of Attorney Fees and Costs** [#24][1] filed March 5, 2010. The plaintiff filed a response [#26]. The defendants filed a document docketed as a reply [#27], although the document itself is identical to the defendants' motion for attorney fees [#24]. The reply [#27] differs from the motion [#24] in that the reply includes an exhibit, a copy of a January 26, 2010, e-mail, that was not included in the motion [#24]. Finally, the court accepted for filing the plaintiff's sur-reply, which concerns the receipt of the January 26, 2010, e-mail by the plaintiff's counsel. I grant the motion for attorney fees on the terms stated in this order.

---

[1] "[#24]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

Under 28 U.S.C. § 1447(c), "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." In a previous order [#21], I granted the defendants' motion to remand this case to state court.

Initially, the plaintiff filed a notice of removal [#1] removing this case to this court from state court. In my remand order [#21], I concluded:

> Removal on the basis asserted by Leoff [the plaintiff] is improper. The removal statute provides that a "defendant or defendants" may remove an action. 28 U.S.C. § 1441(a). It is well-settled that in thus limiting the class of persons entitled to remove, Congress intended to preclude removal by plaintiffs on the basis of a counterclaim that might, in some circumstances, be subject to the jurisdiction of a federal court. ***Shamrock Oil & Gas Corp. v. Sheets***, 313 U.S. 100, 106-09 (1941); ***Green Tree Financial Corp. v. Arndt***, 72 F.Supp.2d 1278, 1281 (D. Kan. 1999). Leoff's transparent attempt unilaterally to realign himself as a defendant in the caption of his notice of removal is ineffectual. ***Green Tree Financial Corp.***, 72 F.Supp. 2d at 1282.

The plaintiff's removal of this case from state to federal court had no legal basis. Because the plaintiff removed this case without any legal basis, and the defendants incurred attorney fees and costs as a result of the improper removal, I conclude that under § 1447(c), an award of attorney fees to the defendants is appropriate. I conclude further that it is plaintiff's counsel who had a duty to be aware of the fact that removal to this court had no legal basis. Therefore, I direct the plaintiff's counsel, and not the plaintiff himself, to pay the attorney fees awarded in this order.

Any determination of reasonable attorneys fees starts with a calculation of the "lodestar" amount. ***Hensley v. Eckerhart***, 461 U.S. 424, 433 (1983). The lodestar amount is "the number of hours reasonably expended on the litigation multiplied by a

reasonable hourly rate." *Hensley*, 461 U.S. at 433.  The Tenth Circuit Court of Appeals has recognized the lodestar amount as presumptively reasonable.  *Homeward Bound, Inc. v. Hissom Memorial Ctr.*, 963 F.2d 1352, 1355 (10th Cir. 1992).  A "reasonable rate" is defined as the prevailing market rate in the community in question for an attorney of similar experience.  *Blum v. Stenson*, 465 U.S. 886, 895 (1984).  A party seeking an award of attorney fees must establish the reasonableness of each dollar and each hour for which the party seeks an award.  *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (1995).

The plaintiff does not challenge the reasonableness of the hourly rates charged by the defendants' counse, and does not challenge the reasonableness of the time spent by defendants' counsel in pursuing defendants' motion for remand.  I have reviewed the billing statement submitted by the defendants in support of their motion.  *Motion* [#24], Appendix 1.  I conclude that certain entries on this billing statement are inexplicit and either are not clearly tied to the defendants' efforts to seek a remand or contain multiple topics, some of which are not clearly tied to the defendants' effort to seek a remand of this case.  Those inexplicit entries are

    1) 1/4/2010 - ((prior to notice of removal) - (outline motions as between state and federal court flings) - 1.00 hour at 275 dollars per hour;

    2) 1/26/2010 - (draft letters regarding bank approval and conferring with Allen) - 1.00 hour at 275 dollars per hour;

    3) 2/10/2010 - (draft responses and request clarification re status of federal court pleadings. emails re: settlement efforts) - 1.00 hour at 275 dollars per hour;

    4) 2/10/2010 - (request for clarification from Ct) - 2.00 hours at 80 dollars per hour;

    5) 2/17/2010 - (work on mediation and followup federal court) - 1.00 hour at 275 dollars per hour.

In addition, I conclude that the defendants have not established the reasonableness of the amount of time spent conducting research of the issues related to remand.

  The defendants seek an award to compensate 7.5 hours of attorney time at 275 dollars per hour, or 5,334.50 dollars.  Based on my familiarity with the remand issues in this case, I conclude that 6.00 hours is a reasonable amount of time for this task.  Therefore, I reduce the number of hours attributable to this task from 7.5 to 6.0 hours.  These deductions reduce the total attorney fees sought by the defendants by 1,672.50 dollars.

  Otherwise, I find and conclude that the amount of time spent by defendants' counsel on the various tasks necessary to research, file, and prosecute the defendants' motion for remand in this case, as detailed in defendants' motion for attorney fees, was reasonable.  The reasonableness of defense counsel's hourly rates is not disputed, and I conclude that those hourly rates are reasonable.

  **THEREFORE, IT IS ORDERED** as follows:

  1.  That the **Defendants XYZ Land Company, LLC and Stephen Finger's Brief in Support of Award of Attorney Fees and Costs** [#24] filed March 5, 2010, is **GRANTED** in part on the terms stated in this order;

  2.  That under 28 U.S.C. § 1447(c), the defendants are **AWARDED** 3,662.00 dollars in attorney fees;

  3.  That the plaintiff's counsel, and not the plaintiff himself, **SHALL PAY** the attorney fees awarded in this order to defendants XYZ Subdivision Land Company,

LLC, a Colorado Limited Liability Company, and Stephen Finger, individually; and

    4.  That otherwise, the **Defendants XYZ Land Company, LLC and Stephen Finger's Brief in Support of Award of Attorney Fees and Costs** [#24] filed March 5, 2010, is **DENIED**.

    Dated February 18, 2011, at Denver, Colorado.

                          **BY THE COURT:**

                          */s/ Robert E. Blackburn*
                          Robert E. Blackburn
                          United States District Judge